MELODY J. STEWART, J.:
{¶ 1} On August 2, 2017, the relator, Ayanna McElrath, pro se, commenced this public records mandamus action against the respondents, the city of Cleveland; city of Cleveland public record (sic), Patricia Sanney; and Cleveland City Police. McElrath submitted through email on November 2, 2016, the following public records request: "I request a complete copy of all public records for Police Report # 2015-383726 including but not limited to
All photos *687 Body camera footage
Incident reports
911 calls
Name of all officers involved
Information
About officer Charles Judd
Officer Rutherford
Sargent [sic] Rutherford
Zone car 1A26."
McElrath averred that despite the passage of time, the respondents had provided her no records and had intimated that redactions were necessary, especially relating to officers on the scene of the arrest. Thus, McElrath endeavored to bring a second claim for conspiracy for failure to release all the records fully and promptly.
{¶ 2} On August 4, 2017, some materials were turned over, but this court ordered the case to mediation, and two mediation conferences were held. However, by late September 2017, it was obvious that mediation had not and would not fully resolve the case. Thus, on September 29, 2017, this court ordered the parties to certify the status of the case by October 13, 2017.
{¶ 3} The respondents timely certified that they
had produced: Ayanna McElrath's OPS documents; Cleveland Police Officer Judd's personnel file; Sergeant Rutherford's personnel file; Police Report number 2015-383726; RMS Report and ULLF Investigations; two 911 calls; three videos from the Office of Professional Standards; twenty-four videos from body camera footage taken during Petitioner's arrest; LaCretia McElrath's OPS complaint documents, Cleveland Division of Corrections Floor and Medical Cards and an Event Chronology.
(Paragraph 2 of respondents' certification.) In addition, the respondents stated that they had released these materials on March 10, 2017, September 1, 2017, and contemporaneously with the filing of the certification. The respondents also provided a redaction log in which they stated that they had redacted Social Security numbers and/or Federal Identification numbers, employee private addresses, as well as employees' birthdays and personal telephone numbers pursuant to R.C. 149.011(G). The respondents relied on R.C. 149.43(A)(7)(g) for redacting photographs of police officers because their assignments may include undercover or plain clothes work. Additionally, the respondents redacted "a very small portion of a radio dispatch call that can be overheard in the background of one of the body camera videos * * * because it disclosed information about a minor (unrelated to this matter) that is privileged pursuant to O.R.C. 2151.421(I)(1) and (2)."
{¶ 4} McElrath did not file a certification, but sought an extension of time to do so. The court, over the respondents' objections, granted her until November 21, 2017, to file her certification. When she still did not file a certification, this court ordered her to show cause by December 20, 2017, why this case should not be dismissed.
{¶ 5} On December 18, 2017, McElrath filed a "brief in opposition to dismiss mandamus." Almost half of McElrath's brief is an apparent recitation of Cleveland police procedures relating to the use of captured media, e.g., the body camera footage. She objected to the redaction of some of the police officers' faces and the failure to name all of the police officers who were present at her arrest. She argued that there is no reason to redact their images and to withhold their names because there is no criminal investigation pending, because to the extent that names are missing it shows that procedures were not followed, and because the names and badge numbers are matters of public knowledge.
*688 She repeated her claim for records relating to the zone car. She also implied that not all of the OPS records were released and that there was no reason not to do so because there is no criminal investigation pending.
{¶ 6} After reviewing these certifications, the court ordered Cleveland to recertify the status of the case and explicitly address the following: (1) what steps were taken to fulfill McElrath's public records request as stated in the complaint; (2) for each individual request, state what records were provided to fulfill that request; (3) for each record containing a redaction, state generally what was redacted along with the legal justification for the redaction; and (4) address each objection that relator makes that the city did not fulfill its obligations, e.g., missing OPS records, unidentified officers on body camera footage, and records concerning zone car 1A26. McElrath's response would be due one week after the filing of the respondent's second certification.
{¶ 7} Cleveland filed its second certification on February 23, 2018. It certified that after seeking clarification on the requests, it sent McElrath on March 10, 2017, copies of the 911 calls, OPS complaints and intake videos, police reports, use of less than lethal force reports, internal affairs reports, Officer Judd's personnel and disciplinary files, Sergeant Rutherford's personnel and disciplinary files, and a pdf titled "Public Safety-Police Redaction List." On that same day, Cleveland informed McElrath that it would produce the body camera footage after it had been redacted.
{¶ 8} Cleveland further certified that on September 1, 2017, it sent McElrath the OPS intake videos and four body camera videos relating to the arrests. On October 5, 2017, Cleveland sent her the AVL locator report for zone car 1A26. On October 13, 2017, Cleveland resent "hundreds of pages of documents (police report, use of less than lethal force report, internal affairs report, booking report, booking photos, and personnel and disciplinary files) and redacted body camera videos in paper and disk format." (Cleveland's second certification.) At McElrath's request, Cleveland sent another copy of her booking photos on November 10, 2017. Cleveland certified that McElrath did not contact the city about any perceived additional deficiencies.
{¶ 9} Pursuant to this court's order, Cleveland then specifically addressed the body camera footage, the OPS reports, and the zone car report. Cleveland explained again that because the officers are subject to undercover and plain clothes assignments, their faces were redacted pursuant to R.C. 149.43(A)(7)(g). Cleveland further certified that the use of less than lethal force report identified all officers who were present during her arrest. It repeated again that a small portion of a radio dispatch, which could be heard in the background, was redacted because it applied to a minor pursuant to R.C. 2151.421(I)(1) and (2). Cleveland then stated that McElrath had somehow procured unredacted copies of the body camera videos and had played them on her cell phone in front of Cleveland's counsel. Invoking the safety of the officers, Cleveland requested that this court order McElrath to return the videos to Cleveland and to identify the individuals who had provided her with the unredacted videos.
{¶ 10} Cleveland then addressed the OPS records. Cleveland certified that aside from the OPS complaint and the intake video, the records "are exempt from production at this time because there is an open investigation of the OPS Complaint and the release of these records would create a high probability of disclosing specific *689 investigatory techniques, procedures and work product." (Cleveland's second certification.) The fact that McElrath's criminal case may have been resolved does not render the confidential law enforcement investigatory record exemption under R.C. 149.43(A)(2) inapplicable.
{¶ 11} Finally, with regard to the request for information about the zone car, Cleveland certified that it had released the police report and the AVL report, "which are the only documents pertaining to Petitioner's arrest and the zone car." If those records did not satisfy McElrath, then she had not fulfilled her responsibility to specifically identify what records she wanted.
{¶ 12} Cleveland concluded that it had fulfilled McElrath's request, that she should be ordered to return the unredacted body camera videos and identify the individual who had provided her with them, and that this court should dismiss this mandamus action.
{¶ 13} In her timely filed certification, McElrath complained that she had a right to know the names of all of the officers who arrested her and see their faces. Thus, Cleveland should produce the unredacted body camera videos. She argued that the claim that the officers might be subject to undercover or plain clothes work is too speculative to support the redaction. She also questioned the good faith of the assertion that the OPS investigation is still open, when there had been conclusions that nothing criminal occurred during her arrest and that there was no use of excessive force. McElrath admitted that she showed the 27 body camera videos to counsel from McElrath's phone. However, she stated that the phone is now broken and that up to this point in time Cleveland has not raised any objections to those videos.
{¶ 14} McElrath clarified that she wants a work order on the zone car. She certified that during her arrest and transportation to the police station, the officer revealed that there was a work order for the car because the door was not working properly. McElrath stated that during the drive, the officer stopped the car and had to open and close the door, so that it would stay shut.
{¶ 15} After reviewing all of the pleadings and certifications, this court concludes that this public records mandamus action is ripe for resolution.
{¶ 16} Pursuant to R.C. 149.43, mandamus is the appropriate remedy to compel compliance with Ohio's Public Records Act. State ex rel. Vindicator Printing Co. v. Youngstown , 104 Ohio St.3d 1436, 2004-Ohio-7079, 819 N.E.2d 1120. Because the statute specifies mandamus as the remedy, the relator does not have to show the lack of an adequate remedy at law to prevail. State ex rel. Morgan v. New Lexington , 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208. As with all writ actions, the relator must establish the right to a writ by clear and convincing evidence. State ex rel. Pressley v. Indus. Comm., 11 Ohio St.2d 141, 228 N.E.2d 631 (1967) ; and State ex rel. Pietrangelo v. Avon Lake , 149 Ohio St.3d 273, 2016-Ohio-5725, 74 N.E.3d 419. Nevertheless, in Ohio public records are the people's records. To that end, the public records act is to be construed liberally in favor of broad access and disclosure. The courts are to resolve any doubt in favor of disclosure. Vindicator, supra . Exemptions to disclosure under the Public Records Act must be strictly construed against the public records custodian, and the government bears the burden of establishing the applicability of an exception. Morgan at ¶ 47. However, the government has no duty under R.C. 149.43 to just give information or to create new records by searching for and compiling information *690 from existing records. State ex rel. Lanham v. Ohio Adult Parole Auth., 80 Ohio St.3d 425, 687 N.E.2d 283 (1997) ; and State ex rel. White v. Goldsberry, 85 Ohio St.3d 153, 707 N.E.2d 496 (1999).
{¶ 17} The court rules that with the exception of the work order for the zone car, the respondents have fulfilled their duty to provide McElrath with the requested records.
{¶ 18} The court notes that the respondents have provided McElrath with hundreds of pages of records in response to her very broad request for "all public records for the Police Report # 2015-383726." The records provided included records that were not necessarily evident from the specifics of her request, such as the OPS records, including the OPS complaint of LaCretia McElrath, the events chronology, and corrections floor and medical cards. The court further notes that some of the requests sought information, such as the names of all of the officers involved and about specific officers, that could have been summarily denied as improper in form. Goldsberry , supra. Instead, the respondents provided her with the personnel and disciplinary files of Officer Judd and Sergeant Rutherford. Moreover, McElrath does not question many of the redactions, such as Social Security numbers and personnel information.
{¶ 19} McElrath has clarified that her request for records concerning zone car 1A26 included a work order for the car. Such a record is a public record and should be provided. Accordingly, this court grants the writ of mandamus and orders the respondents to search for the work order and provide it to McElrath within two weeks of the date of this order.
{¶ 20} As to the redaction of the faces of the officers on the body camera videos, the court declines to issue the writ of mandamus to order their production without the redaction. Counsel for the respondents certified that McElrath already had full, complete copies of those videos, and McElrath admitted that at least she had those videos on a cell phone, even if she could no longer access them because the phone is broken. Mandamus will not lie to compel a respondent to give the relator something the relator already has. State ex rel. Zidonis v. Columbus State Community College, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861. Moreover, the respondents certified that the officers came within the scope of R.C. 149.43(A)(7)(g) that exempts photographs of officers whose assignments may include undercover or plain clothes assignments. Because the statute uses "may" and because the respondents certified that the officers may be subject to such assignments, the court rules that the respondents properly invoked this exemption.
{¶ 21} The court declines to issue a writ of mandamus to compel the disclosure of the disputed OPS records. The respondents have certified that the investigation is still ongoing. The fact that there have been conclusions that there was no criminal activity or excessive force during McElrath's arrest is not conclusive as to other possible improprieties. Thus, the court rules that the respondents have properly invoked this exemption. This holding does not preclude McElrath from requesting these records once the investigations are finished.
{¶ 22} R.C. 149.43 does not create a duty to create new records by searching for and compiling information from existing records. Thus, the respondents did not have a duty under the Public Records Act to compile a list of all of the officers who were present at McElrath's arrest. If for whatever reason, including the negligent *691 noncompliance with official policies, the names of all such officers are not in the records, then the respondents under R.C. 149.43 have no duty to list all of the officers in a new record. Thus, the court declines to issue the writ of mandamus to compel the respondents to list all of the officers present during the arrest. State ex rel. Fant v. Tober, 8th Dist. Cuyahoga No. 63737, 1993 WL 173743, 1993 Ohio App. LEXIS 2591 (Apr. 28, 1993).
{¶ 23} Article IV, Section 3(B)(1) of the Ohio Constitution limits this court's original jurisdiction to actions in quo warranto, mandamus, procedendo, habeas corpus, and prohibition. Thus, this court does not have jurisdiction to entertain McElrath's second claim for civil conspiracy. Prescinding the issue of whether a certification is the proper pleading for raising a counterclaim, this court rules that it is without jurisdiction to grant the respondents' request that McElrath turn over copies of the unredacted videos or to compel her to identify who gave her the videos. The respondents also cited no authority that would allow the court to issue such order.
{¶ 24} In summary, the court issues the writ of mandamus to compel the respondents within two weeks of this decision to search for the requested work order for zone car 1A26 and to release it to McElrath or to certify to McElrath that after diligent search the record could not be found. The court declines to issue the writ of mandamus for any other records requested by relator. The court does not have jurisdiction to adjudicate the civil conspiracy claim or the request by the respondents to compel the relator to turn over the unredacted videos or to disclose the identity of a person. Respondents to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).
{¶ 25} Writ granted in part and denied in part.
EILEEN T. GALLAGHER, P.J., and MARY J. BOYLE, J., CONCUR