NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3624
[THE STATE EX REL.] GRIFFIN *v.* SEHLMEYER.
[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Griffin v. Sehlmeyer,*
Slip Opinion No. 2021-Ohio-3624.]

*Public records—R.C. 149.43—Mandamus—Relator's request, which would require the records custodian to create a new record by searching for selected information, is an improper request under R.C. 149.43—Writ denied.*

(No. 2020-1447—Submitted August 3, 2021—Decided October 12, 2021.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Mark Griffin Sr., an inmate at the Toledo Correctional Institution ("TCI"), seeks a writ of mandamus to compel respondent, Sonrisa Sehlmeyer, the public-records custodian at TCI, to provide the names of five inmates who allegedly were murdered at TCI between 2012 and 2014.  We deny the writ because Griffin has not shown that he has requested an existing record.

**Background**

{¶ 2} On September 24, 2020, Griffin sent Sehlmeyer a public-records request seeking "the 'names only' of the five (5) [TCI], offenders that were 'murdered' by other level three (3) security offenders, while under the custody of former TCI, warden, Mr. Sheldon." The request further stated that "all 'murders' in the state of Ohio, are public records and their deaths were documented and reported by [the Ohio Department of Rehabilitation and Correction ("DRC")], and or TCI." Sehlmeyer responded to Griffin on October 8, stating: "No such list exists of the inmates you are requesting. A record would need to be created to provide a response. There are no responsive records. Your request is closed."

{¶ 3} On November 30, Griffin filed this original action seeking a writ of mandamus to compel Sehlmeyer to produce records in response to his request. He alleged that a DRC policy requires the creation of incident reports concerning any murders that occur within a prison. We granted an alternative writ. 162 Ohio St.3d 1425, 2021-Ohio-1202, 166 N.E.3d 23. The parties have submitted evidence, and the case has been fully briefed.

**Analysis**

{¶ 4} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. But to be entitled to a writ of mandamus, Griffin must show by clear and convincing evidence that he has requested a record that exists and is maintained by TCI. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 1170, ¶ 8. Sehlmeyer did not have a duty "to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15.

{¶ 5} Griffin asked Sehlmeyer to provide him with "the names only" of five inmates who allegedly had been murdered at TCI. Sehlmeyer construed this as a

request for information, and she told Griffin that no record listing that information exists. Griffin supports his claim with evidence of part of a DRC policy that appears to require the creation of a written report in the event of a significant incident—such as a murder—within a prison. But Griffin did not ask for incident reports; he asked for a list of names. In fact, he confirms the nature of his request in his filings in this case by suggesting that Sehlmeyer has a duty to "review" incident reports and compile the requested "information."

{¶ 6} We deny Griffin's request for a writ of mandamus because "[r]equests for information and requests that require the records custodian to create a new record by searching for selected information are improper requests under R.C. 149.43." *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, and BRUNNER, JJ., concur.

DONNELLY, J., dissents, with an opinion joined by STEWART, J.

_____

**DONNELLY, J., dissenting.**

{¶ 7} The request by relator, Mark Griffin Sr., is a simple one. He seeks the "names only" of five inmates allegedly murdered in the prison, and he indicates that those names must have been included on incident reports regarding the murders. Respondent, Sonrisa Sehlmeyer, does not appear to dispute that incident reports regarding each of the five inmates exist or that the reports contain the inmates' names. Sehlmeyer should therefore be required to provide the incident reports with the names only—i.e., with all other information redacted.

{¶ 8} Anyone reading this decision could tell you that it would be far easier and more efficient to simply write five names down on a piece of paper, and so it is understandable that the majority and Sehlmeyer have assumed that a list must be

made in order to respond to Griffin's request. But it is the expansive language of R.C. 149.43(B) rather than everyday notions of efficiency that controls a public office's response to a public-records request. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 22. Because Sehlmeyer is the custodian of records that are responsive to Griffin's request, R.C. 149.43(B)(1) requires Sehlmeyer to prepare those records—with significant redactions—and make them available to Griffin.

{¶ 9} Griffin's request for a writ of mandamus should be granted. I dissent.

STEWART, J., concurs in the foregoing opinion.

_____

Mark Griffin Sr., pro se.

Dave Yost, Attorney General, and Jared S. Yee and Mark W. Altier, Assistant Attorneys General, for respondent.

_____