**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Griffin v. Sehlmeyer*, Slip Opinion No. 2022-Ohio-2189.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2189

THE STATE EX REL. GRIFFIN *v*. SEHLMEYER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Griffin v. Sehlmeyer*, Slip Opinion No. 2022-Ohio-2189.]**

*Mandamus—Writ sought for release of information regarding funding for COVID-19 at correctional institution—R.C. 149.43—Relator failed to establish a clear legal right to the relief sought—Records request that places the burden on a public office to identify the responsive documents by searching for specified content is not a proper records request—Writ denied.*

(No. 2021-1064—Submitted March 8, 2022—Decided June 29, 2022.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} In this original action under the Public Records Act, R.C. 149.43, relator, Mark Griffin Sr., an inmate at the Toledo Correctional Institution ("TCI"), seeks a writ of mandamus to fulfill his public-records request that he made to

respondent, Sonrisa Sehlmeyer, the records custodian for TCI. We granted an alternative writ and the parties filed evidence and briefs. Because Griffin requested information rather than records, we deny the writ and the claim for statutory damages.

## I. BACKGROUND

{¶ 2} Griffin claims that on May 8, 2021, he submitted a records request to Sehlmeyer. Although Griffin did not formally authenticate the documentation of the records request that he attached to his complaint, he adopted the language of the request in his complaint and averred in his affidavit that he had made the request. Sehlmeyer did not deny the factual basis for the complaint in her answer. Under these circumstances, we consider the documentation as evidence of his request. *See State ex rel. McDougald v. Sehlmeyer*, 164 Ohio St.3d 133, 2021-Ohio-666, 172 N.E.3d 126, ¶ 7. Additionally, we accept the documentation that Griffin attached to his complaint as evidence that Griffin transmitted his request through TCI's electronic "kite" system, which we have addressed in an earlier case. *See State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶ 21 ("*Griffin I*") (noting that Griffin used a communication service that "allowed him to transmit his kite electronically").

{¶ 3} In his request in this case, Griffin sought to obtain "documented records and or files on the actual amount of state, and or federal funding that [the Department of Rehabilitation and Correction ('ODRC')], has approved to [TCI], to fight COVID 19, at the prison." Griffin also requested "the amount approved to [TCI] and the total amount spent, and the documented purchases that were made, and any documented balance left." After Griffin submitted the request, an automatic response was sent acknowledging that Griffin's request had been submitted. On May 14, 2021, Sehlmeyer responded that she had received the request and then, less than one minute after acknowledging receipt, Sehlmeyer's next and final entry stated: "Closed incarcerated individual form." Sehlmeyer

provided no substantive response to Griffin's request until after the filing of this mandamus action.

**{¶ 4}** Griffin filed his mandamus complaint in August 2021, seeking disclosure of the records and statutory damages for TCI's failure to disclose the records before the lawsuit was filed. After we granted an alternative writ, Griffin filed evidence that included a summary of communications pertaining to an earlier records request. That request was one Griffin made to Sehlmeyer on July 3, 2020, in which he asked for "any and all copies of THE FEDERAL CARES ACT FUNDING that was issued to ODRC and or [TCI] for the COVID 19 PANDEMICVIRUS." (Capitalization sic.) Sehlmeyer responded to that request on July 23, 2020, stating that "DRC did not receive any CARES Act funds in FY20. As a courtesy the business office wished to report to you that DRC did receive funds from the state Coronavirus Relief Fund (CRF)—DRC expended $9,183,410.22 on qualifying payroll and non-payroll items in FY20." After providing that information, Sehlmeyer closed the July 3, 2020 request. Griffin apparently infers from Sehlmeyer's response to his July 2020 request that records responsive to his request in this case must exist.

**{¶ 5}** Sehlmeyer has submitted an affidavit in which she acknowledges that her duties include "the responsibility * * * to respond to public records requests * * * which seek the provision of existent records maintained by [TCI] and related to the operation of that facility." She avers that she "does not have direct access to any public records kept and maintained by the ODRC" and accordingly disclaims responsibility for providing access to such documents.

**{¶ 6}** In addition, Sehlmeyer's affidavit seems to suggest—contrary to the documentary evidence attached to Griffin's complaint—that she did respond to Griffin's May 8, 2021 request. But her statements are confusing: she avers that Griffin submitted a records request on May 8, 2020, but quotes a request that is substantially identical to his May 8, 2021 request. She next states that she

responded on July 23, 2020. Sehlmeyer's affidavit then quotes a passage that generally tracks the response Sehlmeyer gave on July 23, 2020, to the earlier records request. In doing so, Sehlmeyer treats the response to the earlier request as though she gave that response to the request at issue in this case. However, in her brief, Sehlmeyer acknowledges that she responded to Griffin's May 8, 2021 request only by indicating that it had been received.

{¶ 7} Sehlmeyer concludes her affidavit by denying that TCI has any records requested by Griffin; according to Sehlmeyer, records requested by Griffin "did not then and do not now exist in the records of [TCI] and/or cannot readily be created therefrom."

## II. ANALYSIS

### A. Griffin's motions are denied

{¶ 8} Griffin has filed two "motions to inform the court" of circumstances at TCI. The first addresses an alleged change of policy in handling mail from courts to inmates and asks the court to take notice that first-class mail takes longer to be delivered under the new policy. The second urges the court to take judicial notice of obstacles to filing that are faced by inmates. Neither of these motions ask for specific relief with respect to the substantive issues before us. We therefore deny the motions. *See State ex rel. Ware v. Akron*, 164 Ohio St.3d 557, 2021-Ohio-624, 174 N.E.3d 724, ¶ 10.

### B. Burden of proof

{¶ 9} In a public-records mandamus case, the relator bears the burden of showing his entitlement to the writ by clear and convincing evidence. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16. Griffin must demonstrate a clear legal right to access the requested records and a clear legal duty on TCI's part to afford that access. *State ex rel. Penland v. Ohio Dept. of Rehab. & Corr*., 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 9.

**C. Because Griffin requested information rather than records, he is not entitled to a writ or to statutory damages**

**{¶ 10}** Sehlmeyer first argues that Griffin seeks information rather than records and thus that he has not made a proper records request under R.C. 149.43. "Requests for information and requests that require the records custodian to create a new record by searching for selected information are improper requests under R.C. 149.43." *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30, *see State ex rel. Griffin v. Sehlmeyer*, 166 Ohio St.3d 258, 2021-Ohio-3624, 185 N.E.3d 58 ("*Griffin II*") (denying writ when Griffin requested "the names only" of five inmates who he claimed were murdered while in TCI custody).

**{¶ 11}** Sehlmeyer's argument is valid. Griffin seeks to learn "the actual amount of state, and or federal funding that ODRC, has approved to [TCI], to fight COVID 19, at the prison," specifically "the amount approved to [TCI], and the total amount spent, and the documented purchases that were made, and any documented balance left." Griffin's request specifies information that he seeks but does not identify records that he wants to access. In particular, Griffin's request for "documented records" showing COVID-19 funding, "documented purchases," and a "documented balance" is not a request for documents that might contain the requested information but rather a request for information: in this usage, "documented" is an adjective that specifies the type of information sought, and Griffin's request seeks that information without specifying what records he wants to review. A records request that places the burden on the public office to identify the responsive documents by searching for specified content is not a proper records request. *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, 76 N.E.3d 1171, ¶ 10.

**{¶ 12}** Because we agree with Sehlmeyer that Griffin's request sought information rather than records, and because a request for information is not a

proper records request, we need not consider her other arguments. We hold that Griffin's request did not impose a duty of disclosure on Sehlmeyer under R.C. 149.43, because it sought information rather than records. We therefore deny the writ.

**{¶ 13}** We also deny Griffin's claim for statutory damages. "Under R.C. 149.43(C)(2), the 'requester shall be entitled to recover' statutory damages if (1) he submits a written request 'by hand delivery, electronic submission, or certified mail,' (2) the request 'fairly describes the public record or class of public records,' and (3) 'a court determines that the public office or the person responsible for public records failed to comply with an obligation' imposed by R.C. 149.43(B)." *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, ¶ 25, quoting R.C. 149.43(C)(2). Because Griffin's request sought information, it did not fairly describe the public record or the class of public records to be disclosed. Thus, Sehlmeyer did not fail to comply with R.C. 149.43(B): she did not need to provide access to records that Griffin failed to identify. It follows that Griffin is not entitled to an award of statutory damages.

### III. CONCLUSION

**{¶ 14}** For the foregoing reasons, we deny the writ and the claim for statutory damages.

Writ denied.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., concurs in part and dissents in part and would award statutory damages.

————————————

Mark Griffin Sr., pro se.

Dave Yost, Attorney General, and Kelly D. Becker, Assistant Attorney General, for respondent.

January Term, 2022

_____