[Cite as *Reigert v. State of Ohio Med. Bd.*, 2023-Ohio-1172.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOHN REIGERT | Case No. 2022-00750PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| STATE OF OHIO MEDICAL BOARD | |
| Respondent | |

{¶1} This matter is before the Special Master for a report and recommendation on Requester's amended complaint and the "*Requestor Motion for Court Review in Camera of SMBO Investigation of Case 2020-8005*," filed March 14, 2023 ("*Motion for In Camera Review*"). The Special Master recommends that:

- Respondent be ordered to produce to Requester the records copied at pp. 6-38 of *Respondent's Submissions for In Camera Review*, filed March 16, 2023, that Requester recover his filing fees and other costs of this case, but that he be denied the other relief sought in his amended complaint.
- The *Motion for In Camera Review* be denied.

## I. BACKGROUND

{¶2} Requester John Reigert's daughter tragically died of cancer. Mr. Riegert contends that her treating physician did a substandard and filed a complaint with the State Medical Board of Ohio ("the Board"), the Respondent here. The Board opened a case concerning the allegations, but took no action against the physician. Mr. Reigert sought to explore the Board's handling of the matter with a public records request. He filed this case because he did not receive a response. *Complaint*, filed October 25, 2022, p. 2;[1] *Requestor's Evidence*, filed February 17, 2023, at p. 17.

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's docket, rather than to any internal pagination of the filings.

{¶3} Mr. Reigert made additional public records requests after this case was filed. The Board denied those requests, providing bases for its denials. *Combined Response to Complaint and Motion to Dismiss,* filed February 13, 2023 ("*MTD*"), pp. 15-46.

{¶4} Mr. Reigert was given leave to amend his complaint and did so. *Order*, entered December 30, 2022; *Amended Complaint*, filed January 10, 2023. The claims alleged in his *Amended Complaint* supersede those in his original complaint, *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928 (10th Dist.), ¶ 32, and focus on five specific public records requests made in November and December of 2022. Those requests are discussed in more detail below. Those claims were mediated but not resolved.

{¶5} The Special Master ordered the parties to file all evidence they rely on in support of their positions and set a briefing schedule. He also ordered the Board to file the records responsive to Mr. Reigert's requests but purportedly exempted from disclosure under seal for in camera review. *Order*, entered February 9, 2023; *Order*, entered March 10, 2023. The parties have filed their evidence and memoranda, the disputed records have been filed for in camera review, and the case is ripe for decision.

{¶6} Mr. Reigert filed his *Motion for In Camera Review* after briefing closed.

## II.   ANALYSIS.

### A. Mr. Reigert is not entitled to relief on his first request because it seeks information rather than records.

Mr. Reigert's first request, and the Board's response, are as follows:

Provide the name of the Investigator for case 2020-8005, his/her years of experience with the Board, qualifications and immediate prior employment.

Response: There are no responsive public records. Complaints and/or investigative materials about a Medical Board licensee or applicant that may exist are not public record under Sections 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code. *Amended Complaint*, pp. 2-3; *Requestor's Evidence*, p. 17; MTD, pp. 15-16, ¶ 8, p. 26.

{¶7} The Board makes three arguments as to why no relief is available on this request: because it seeks information rather than records, because any responsive

records would disclose information made confidential by R.C. 4731.22(F)(5), and because the responsive records are confidential law enforcement investigatory records within the meaning of R.C. 149.43(A)(1)(h) and (2). The first argument is well taken and eliminates the need to address the second third arguments. *State ex rel. Griffin v. Sehlmeyer*, 167 Ohio St.3d 566, 2022-Ohio-2189, 195 N.E.3d 130, ¶ 12 ("Because we agree with Sehlmeyer that Griffin's request sought information rather than records, and because a request for information is not a proper records request, we need not consider her other arguments").

{¶8} "There can be no cause of action based on failure of a public office to provide records in accordance with R.C. 149.43(B), without a *proper* request having been made [.]" *Frank v. Upper Arlington Schools*, Ct. of Cl. No. 2017-00841-PQ, 2018-Ohio-1554, ¶ 17 (emphasis added). A request is not "proper," and hence cannot support a claim under R.C. 149.43(B), if it seeks information instead of a record that documents the information. That is established by statutory text and case law.

{¶9} R.C. 149.43(B)(1) codifies a right to records that capture information, but not to information apart from records. It nowhere mentions information in the abstract. It instead provides that upon "request *** *public records* responsive to the request shall be *** made available[.]" (emphasis added). A "public record" consists of a "record," and a "record" is something that contains information, but is different than the information itself. It is a "document, device, or item" recording information. R.C. 149.011(G). R.C. 149.43(B)(1) therefore does not direct offices to provide free floating information, but only documents, devices, or items containing information.

{¶10} The cases reflect the distinction. Relief is denied when the claimant "requested information rather than records" *State ex rel. Griffin v. Sehlmeyer*, 167 Ohio St.3d 566, 2022-Ohio-2189, 195 N.E.3d 130, ¶ 1 because requests "for information *** are improper requests under R.C. 149.43*." *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30. See also *Griffin*, 167 Ohio St.3d 566 at ¶¶ 10-13; *State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶¶ 11-12; State ex rel. *Griffin v. Sehlmeyer*, 166 Ohio St.3d 258, 2021-Ohio-3624, 185 N.E.3d 58, ¶¶ 5-6; *State ex rel. Rittner v. Dir., Fulton Cty.*

*Emergency Med. Servs.*, 6th Dist. Fulton No. F-10-020, 2010-Ohio-4055, ¶ 2; *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, at **2-4 (Apr. 28, 1993), aff'd, 68 Ohio St.3d 117, 623 N.E.2d 1201 (1993) (denying relief because claimant's request did "not indicate what records [he] would like to examine as much as what information he would like to receive").

{¶11} Mr. Reigert's first request seeks information: "the name the Investigator for case 2020-8005, his/her years of experience with the Board, qualifications and immediate prior employment." Other courts have held that similar requests are for information rather than records. *Griffin*, 166 Ohio St.3d 258, ¶¶ 2, 5-6 (names); *State ex rel. Lanham v. State Adult Parole Auth.*, 80 Ohio St.3d 425, 427, 687 N.E.2d 283 (1997) (qualifications); *State ex rel. McElrath v. City of Cleveland*, 2018-Ohio-1753, 111 N.E.3d 685, ¶ 18 (8th Dist.); *Fant*, 1993 Ohio App. LEXIS 2591, at **2-4 (names); *State ex rel. Morabito v. City of Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶¶ 7, 14 (names). See also, *State ex rel. Carrion v. Nunez*, 8th Dist. Cuyahoga No. 91910, 2009-Ohio-3376, ¶ 13. Mr. Riegert is therefore entitled to no relief on his first request.

## B. Mr. Reigert is not entitled to records pursuant to his second request because he has not proven that responsive records exist.

Mr. Riegert's second request, and the Board's responses, are:

> Provide all records that identify all consultants that contributed to the Standards Review of case 2020-8005.

> Response: There are no responsive public records. This information relating to standards review that may exist are not public record under Sections 4731.22(0), 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A) (1)(v), Ohio Revised Code. *Amended Complaint*, p. 4; *Requestor's Evidence*, p. 17; *MTD*, p. 16, ¶12, p. 38.

{¶12} A party suing for public records must "prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office *** did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33. That party must also prove that responsive records exist if the public office submits evidence disputing their existence. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*,

133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶¶ 22-26; *State ex rel. Gooden v. Kagel*, 138 Ohio St. 3d 343, 2014-Ohio-869, 6 N.E.3d 1170, ¶ 8.

**{¶13}** The Board initially asserted that no responsive records existed when it first responded to this request.  It ratified that assertion in an affidavit submitted in its response Mr. Reigert's complaint. *MTD*, p. 16, ¶12, p. 38.  Mr. Reigert provided no evidence rebutting the Board's assertion on this point.  This claim therefore fails for want of proof.

**C. Mr. Reigert is entitled to the records responsive to his third request.**

Mr. Riegert's third request, and the Board's responses are:

> Provide all records that identify all employees of [the Board] that contributed to the Standards Review of case 2020-8005 and the medical qualifications of each.

> Response: There are no responsive public records. This information relating to standards review that may exist are not public record under Sections 4731.22(0), 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code. *Amended Complaint*, p. 4; *Requestor's Evidence*, p. 17; *MTD*, p. 16, ¶12, p. 38.

**{¶14}** The Board makes two arguments as to why no relief is available on this request: because any responsive records would disclose information made confidential by R.C. 4731.22(F)(5), and because the responsive records are confidential law enforcement investigatory records ("CLIER") within the meaning of R.C. 149.43(A)(1)(h) and (2).  Both arguments fail for want of proof.

**{¶15}** A public office asserting an exemption from its general duty to provide access to public records bears "the burden of production *** to *** prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 27 (internal punctuation omitted).  See also, *id.* at ¶¶ 35, 54. That burden must be carried with "competent, admissible evidence[.]" *Id.* at ¶¶ 53, 77. "Unsupported conclusory statements in an affidavit are insufficient." *Id.* at ¶ 35.

**{¶16}** Courts determine whether an office has met that burden by conducting "an individualized scrutiny of the records in question." *Id.* at ¶ 29.  That usually requires in camera review of the disputed records.  *State ex rel. Natl. Broadcasting Co. v. City of Cleveland*, 38 Ohio St.3d 79, 85, 526 N.E.2d 786 (1988); *State ex rel. Master v. City of Cleveland*, 75 Ohio St.3d 23, 31, 661 N.E.2d 180 (1996); *State ex rel. Besser v. Ohio*

*State Univ.*, 87 Ohio St.3d 535, 541-542, 721 N.E.2d 1044 (2000). The public office must produce extrinsic evidence supporting the exemption if its applicability is "not obviously apparent and manifest just from the content of the record itself[.]" *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 35. See also *id.* at ¶¶ 30, 50, 53.

{¶17} The public office must make a strong showing. It "does not meet this burden if it has not proven that the requested records fall squarely within the exception," and the courts "resolve any doubt in favor of disclosure." *Id.* at ¶¶ 27, 63 See also *id.* at ¶¶ 50, 63. Given that, "it is not enough to say that a record is *probably* within a statutorily prescribed exemption[.]" *Id.* at ¶ 63 (emphasis sic.).

{¶18} The Board has filed the records responsive to this request for in camera review. *Respondent's Submissions for In Camera Review*, filed March 16, 2023, p. 3, ¶ 6; pp. 6-38. It has not supplemented them with extrinsic evidence. Their status must therefore be determined from the face of the records themselves.

{¶19} *The Board has not shown that the responsive records are exempted from disclosure by R.C. 4731.22(F)(5).* That statute shields "information received by the board pursuant to an investigation" and "the names or any other identifying information about patients or complainants[.]" The Courts have expanded it to also protect patient records, *State Med. Bd. of Ohio v. Miller*, 44 Ohio St.3d 136, 141, 541 N.E.2d 602 (1989); "physicians who are under investigation, investigation witnesses, and any other persons whose confidentiality right is implicated by a Medical Board investigation." *State ex rel. Wallace v. State Med. Bd.*, 89 Ohio St.3d 431, 435, 732 N.E.2d 960 (2000).

{¶20} The responsive records meet none of those criteria. They are personnel records unrelated to any investigation, so they do not contain information received by pursuant to an investigation. They do not contain patient records or provide any information about patients, complainants, physicians under investigation, witnesses, or any other persons whose confidentiality right is implicated by an investigation. They are outside the scope of R.C. 4731.22(F)(5).

{¶21} *Nor has the Board shown that the records are protected by the CLEIR exemption.* That "exemption requires, first, that the records pertain to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, and, second, that the

release of the records would create a high probability of disclosure of any of the four types of information specified in R.C. 149.43(A)(2)." *State ex rel. Ohio Patrolmen's Benevolent Assn. v. City of Mentor*, 89 Ohio St.3d 440, 444, 732 N.E.2d 969 (2000).

{¶22} The Board has not met either of those requirements. The responsive records are personnel records that do not address any investigation and "records are not confidential law-enforcement records if they relate to employment or personnel matters rather than directly to the enforcement of law." *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 49. Nor do they contain any of the types of information listed in R.C. 149.43(A)(2)(a) through (d); they do not mention suspects, confidential information/sources, investigatory matters, or anything that would endanger law enforcement personnel.

{¶23} That is not changed by the Board's argument that *any* response to this request would necessarily disclose that a particular physician was under investigation because the request is tied to a specific case. Precedent cuts against such a categorical approach. *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327 and *Narciso v. Powell Police Dept.*, Ct. of Cl. No. 2018-01195PQ, 2018-Ohio-4590 both involved requests that targeted particular case files, and the responses would necessarily confirm the existence of the investigations, but the courts nonetheless rejected complete withholdings. Instead, they required production and only allowed tailored redactions. *Rocker*, 126 Ohio St.3d 224, ¶¶ 12-14; *Narciso*, 2018-Ohio-4590, ¶¶ 28-30. This would be a particularly poor case to deviate from those precedents because *nothing* in the records at issue hints at the identity the doctor who was the subject of the case inquired of, or even of the case itself.

{¶24} In sum, the Special Master finds that the Board violated R.C. 149.43(B) by denying Mr. Reigert access to the records responsive to his third request, as filed with the Court at pp. 6-38 of *Respondent's Submissions for In Camera Review*. The Special Master therefore recommends that the Court order the Board to produce those records to Mr. Reigert pursuant to R.C. 2743.75(F)(2)(a).

## D. Mr. Reigert has dismissed his claims based on his fourth request.

{¶25} See "*Requester's Response to Respondent's Combined Response to Complaint and Motion to Dismiss*," filed March 14, 2023 ("*Requester's Response*"), at p. 2.

### E.  Mr. Reigert is not entitled to relief based on his fifth request.

Mr. Reigert's fifth request, and the Board's response, are as follows:

Provide the Medical Board interview of expert cancer pathologist Dr. Dhir regarding his report/evidence that Lori Ann Reigert's cancer was misdiagnosed by Dr. Mark Barcelo and that he was grossly negligent and failed the minimal standards of medical care, violating ORC 4731.22(B)(6).

Response: There are no responsive public records. Complaints and/or investigative materials about a Medical Board licensee or applicant that may exist are not public record under Sections 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code. *Amended Complaint*, p. 7; *Requestor's Evidence*, p. 17; *MTD,* pp. 15-16, ¶ 8, p. 27*.*

{¶26} Mr. Reigert has acknowledged that no responsive records exist and has dismissed his claim for production based on this request.  *Amended Complaint*, p. 7; *Requestor's Evidence*, p. 17; *Requester's Response*, pp. 2-3, 18-19.

{¶27} Mr. Reigert has however asked the Court to rule that the Board violated R.C. 149.43(B)(1) by "denying a public record request by the content of the record request and not by its discovery and review of the actual record." *Id.*  The Special Master reads that as asserting that the Board misled Mr. Reigert and violated R.C. 149.43(B)(1) by asserting that a non-existent record would be covered by exemptions from the general duty of production.  See *Amended Complaint*, p. 7 ("In other words, Mr. Katko denied a SMBO public records request and claimed confidentiality of a record *** that he never found because it never existed").  This claim fails for two reasons.

{¶28} Factually, the Board did not hide the ball about the lack of responsive records. It expressly stated that there "are no responsive public records."  While the Board's belt and suspenders approach of asserting possible exceptions somewhat obscured that fact, Mr. Reigert's acknowledgement that he knew that no records existed shows that he was not misled.

{¶29} Legally, nothing in R.C. 149.43(B)(1) prohibits, or even speaks to, the matters Mr. Reigert challenges here. It addresses the way existing records are to be made available. It says nothing about how an office is to address requests for non-existent records, so its hard to see any violation of this statute.

**F. The Board has not violated R.C. 149.43(B)(3).**

Mr. Reigert also claims that the Board violated R.C. 149.43(B)(2) with regard to his first, second and third requests because its denials of those requests were supposedly not accompanied by explanations and legal authority. *Amended Complaint*, p. 4. That claim fails as a matter of fact. The face of Mr. Reigert's complaint shows that the Board did explain its denials and did cite legal authority. *Amended Complaint*, pp. 3-4; 6-7; *Requestor's Evidence*, p. 17.

**G. Mr. Reigert is entitled to recover his filing fees and the costs of this action.**

{¶30} R.C. 2743.75(F)(3)(b) entitles a requester to recover his filing fees and costs if the Court determines that the respondent violated R.C. 149.43(B). The Special Master has determined that the Board violated R.C. 149.43(B) by denying Mr. Reigert access to the records responsive to his third request. That entitles Mr. Reigert to recover his filing fees and any other costs associated with this action except for attorney fees.

**H. The Motion for In Camera Review should be denied.**

{¶31} The Special Master recommends that Mr. Reigert's *Motion for In Camera Review* be denied as untimely. The Special Master set specific deadlines for identifying the evidence each party will rely on and has held the parties to those deadlines, absent consent by the opposing party. *Order*, entered February 9, 2023, at ¶¶ (A) and (B)(5) and (6); *Order*, entered March 3, 2023; *Objection to motion for Extension of Time*, filed March 8, 2023; *Order*, entered March 10, 2023 at ¶ (A). To the extent that the *Motion for In Camera Review* seeks to put more evidence before the Court in support of Mr. Reigert's claims, it comes after those deadlines and without the Board's consent.

**III.     Conclusion.**

{¶32} In light of the foregoing the Special Master Recommends that:

-        Respondent be ordered to produce to Requester the records copied at pp. 6-38 of "Respondent's Submissions for In Camera Review," filed March 16, 2023, that

Requester recover his filing fees and other costs of this case, but that he be denied the other relief sought in his amended complaint.

-        The *Motion for In Camera Review* be denied.

{¶33} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed March 23, 2023**
**Sent to S.C. Reporter 4/7/23**