OPINION
{¶ 1} Appellant, C.C., appeals the judgment of the Geauga County Court of Common Pleas, Juvenile Division, imposing a driver's license suspension pursuant to R.C. 2152.19(A)(4)(I) and R.C. 2925.11(E)(2), following a guilty plea for Possession of Marijuana, in violation of R.C. 2925.11(A). For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On January 11, 2008, a police officer with the Chardon Police Department stopped C.C.'s vehicle after noticing the vehicle's rear license plate was not illuminated and the license plate sticker was expired. As the officer spoke with C.C., he noticed the odor of burnt marijuana emanating from the car. Upon searching the vehicle, the officer found marijuana and drug paraphernalia.
 {¶ 3} On January 30, 2008, a complaint was filed in Juvenile Court alleging that C.C. was a delinquent child for Possession of Drug Paraphernalia and Possession of Marijuana, in violation of R.C. 2925.14(C)(1) and R.C. 2925.11(A), respectively. C.C. moved to suppress the evidence from the traffic stop and, after a hearing by the Juvenile Court, the motion was denied.
 {¶ 4} On April 14, 2008, C.C. pled true to count two of the complaint, Possession of Marijuana, and count one, Possession of Drug Paraphernalia, was dismissed. The court accepted the plea and found C.C. was a delinquent child as charged for having violated R.C. 2925.11(A), Possession of Marijuana, a minor misdemeanor.
 {¶ 5} At the sentencing hearing, C.C. objected to the imposition of a driver's license suspension because juvenile dispositions are not permitted to be made public, and the suspension of C.C.'s license would be public through his BMV records on the Law Enforcement Automated Data System ("LEADS"). The court disagreed. C.C. was sentenced to 1-30 days in a detention center, which was suspended, 40 hours of community service, a 500 word essay on what C.C. learned from this experience, his driver's license was suspended pursuant to R.C. 2152.19(A)(4)(I) and *Page 3 
R.C. 2925.11(E)(2), random drug screenings until C.C.'s 18th birthday, a $50 fine, and court costs.
 {¶ 6} C.C. timely appeals and raises the following assignment of error:
 {¶ 7} "[1.] The Trial Court erred in deciding to impose a license suspension as part of the sentence against appellant-defendant after the Court was made aware of the fact his sanction would be accessible to the public."
 {¶ 8} R.C. 2152.19 prescribes that if a child is adjudicated a delinquent child, the court may impose a "suspension of the driver's license, probationary driver's license, or temporary instruction permit issued to the child for a period of time prescribed by the court, or a suspension of the registration of all motor vehicles registered in the name of the child for a period of time prescribed by the court." R.C. 2152.19(A)(4)(I). R.C. 2925.11(E)(2) mandates that "[t]he court shall suspend for not less than six months or more than five years the offender's driver's or commercial driver's license or permit" for a conviction of Possession of Drugs charge.
 {¶ 9} Juv. R. 37 prescribes restrictions on the use of juvenile records, mandating "[n]o public use shall be made by any person, including a party, of any juvenile court record, including the recording or transcript of any juvenile court hearing, except in the course of an appeal or as authorized by order of the court or by statute." Juv. R. 37(B).
 {¶ 10} Ohio Administrative Code 4501:2-10-06(B) restricts all information contained in or processed through the LEADS to the use of law enforcement agencies and criminal justice agencies for the administration of criminal justice. Id. "Access to the LEADS [is] limited to certified operators." Ohio Adm. Code 4501:2-10-06(A). Although "BMV records * * * may be accessed by criminal justice agencies for the *Page 4 
purpose of providing governmental, non-criminal justice agencies limited criminal background investigations for administrative purposes", LEADS information is not record available to the general public. Id. "[R]ecords of information contained in or processed through LEADS, including data entered directly into a LEADS data base, computer tape logs created by LEADS of transactions on LEADS, and hard copies of data on a LEADS data base or from other data bases accessed through LEADS, are not public records subject to disclosure pursuant to R.C. 149.43(B)." 1994 Ohio Atty.Gen.Ops. No. 46, 1994 Ohio AG LEXIS 44, at syllabus. Therefore, the inclusion of C.C.'s license suspension on a LEADS report does not violate Juv. R. 37 because LEADS information is not for public use.
 {¶ 11} There are protections in place to make sure LEADS is not disseminated to the public. The administrative code mandates that "[a]ppropriate application and agreement forms shall be executed before access is permitted to LEADS or to data supplied as part of LEADS. These forms must be kept current and will be reviewed and updated biennially as part of the agency audit. The completed forms will be filed with LEADS and the user agency." Ohio Adm. Code 4501:2-10-03. Cobb's counsel admitted at oral arguments that there is a prohibition against sharing the information obtained from LEADS. He even stated that the highway patrol is supposed to prosecute offenders. The administrative code explicitly states that "[f]ailure to abide by these rules may result in the termination of LEADS services and/or prosecution when appropriate". Ohio Adm. Code 4501:2-10-13(A).
 {¶ 12} Due to the fact that LEADS information is not public record and protections and prohibitions against improper use and dissemination are in the *Page 5 
administrative code,___ C.C.'s hypothetical argument that a potential employer or college could see his license suspension and believe he has a criminal record is not valid.
 {¶ 13} C.C. also raises the argument that his license suspension due to possession of marijuana is accessible to the public via his Bureau of Motor Vehicles record.
 {¶ 14} The right of access to public records is codified by R.C. 149.43(B) which provides that: "all public records * * * shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. * * * [U]pon request, a public office or person responsible for public records shall make copies * * * available at cost and within a reasonable period of time. * * * To facilitate broader access to public records, a public office or the person responsible for public records shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with [this] division." R.C. 149.43(B)(1) and (2). Public record is defined as "records kept by any public office". R.C. 149.43(A)(1). "Records[,] the release of which is prohibited by state or federal law" are not public record subject to disclosure. R.C. 149.43(A)(1)(v).
 {¶ 15} "[T]he registrar of motor vehicles, and any employee or contractor of the bureau of motor vehicles, * * * shall not knowingly disclose or otherwise make available to any person or entity any personal information about an individual that the bureau obtained in connection with a motor vehicle record." R.C. 4501.27(A). There are exceptions to this rule, which include disclosure of information, "other than sensitive personal information" "[f]or the use of a government agency * * * [f]or use in the normal course of business by a legitimate business or an agent, employee, or contractor of a *Page 6 
legitimate business, but only * * * [t]o verify the accuracy of personal information submitted to the business, agent, employee, or contractor by an individual; * * * [and] only for the purpose of preventing fraud, by pursuing legal remedies against, or recovering on a debt or security interest against, the individual. * * * [and] [f]or use by any licensed private investigative agency or licensed security service". R.C. 4501.27(B)(2)(a), (c), and (i).
 {¶ 16} However, the statue explicitly specifies that "`[p]ersonal information' does not include information pertaining to a vehicular accident, driving or traffic violation, or driver's status". Ohio Adm.Code. 4501:1-12-02; R.C. 4501.27(F)(3). The statute does not provide for disclosure of information, like a driver's status, traffic/driving violation, or vehicular accident, which are not classified as personal information.
 {¶ 17} C.C.'s status information, which may mention his suspension for possession of marijuana, is part of the BMV's record. However its release is prohibited by Juv. R. 37 and, therefore, it is not a public record subject to disclosure pursuant to R.C. 149.43(A)(1)(v). Further, C.C. has failed to present evidence demonstrating the dissemination of confidential information from the BMV. Additionally, C.C. has failed to cite to any statute which permits disclosure of his license suspension for drug possession from the BMV to the public. C.C. has presented no evidence, absent a LEADS report, which is not public record, that his driver's license suspension due to Possession of Marijuana would appear on his BMV record and/or be available to the public.
 {¶ 18} The court did not violate Juv. R. 37 merely by sentencing C.C. as required by statute. C.C.'s driver's license suspension was ordered properly by the court *Page 7 
pursuant to R.C. 2152.19(A)(4)(I) and R.C. 2925.11(E)(2). If the BMV or a person with legitimate access to LEADS did improperly disseminate C.C.'s juvenile record to the public, then the proper defendant would not be the Geauga County Juvenile Court, but rather the person who allowed distribution of the record in violation of the prohibitions in Juv. R. 37.
 {¶ 19} For the foregoing reasons, the Judgment Entry of the Geauga County Court of Common Pleas, Juvenile Division, sentencing C.C. to a driver's license suspension pursuant to R.C. 2152.19(A)(4)(I) and R.C. 2925.11(E)(2), is affirmed. Costs to be taxed against appellant.
COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion,
MARY JANE TRAPP, J., concurs in judgment only with a Concurring Opinion.