[Cite as *State ex rel. Cleveland Assn. of Rescue Emps. v. Cleveland*, 2022-Ohio-3043.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE, EX REL., CLEVELAND ASSOCIATION OF RESCUE EMPLOYEES, ET AL., | : | |
| | : | |
| Relators, | : | |
| v. | : | No. 111230 |
| CITY OF CLEVELAND, ET AL., | : | |
| Respondents. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT GRANTED IN PART, DENIED IN PART
**RELEASED AND JOURNALIZED:** August 30, 2022

---

Writ of Mandamus
Motion Nos. 554178 and 554583
Order No. 557613

---

### *Appearances:*

Muskovitz & Lemmerbrock, LLC, Brooks W. Boron, and Ryan J. Lemmerbrock, *for relators*.

Mark D. Griffin, City of Cleveland Director of Law, Willliam M. Menzalora, Chief Assistant Director of Law, and Timothy J. Puin, Assistant Director of Law, *for respondents*.

SEAN C. GALLAGHER, A.J.:

{¶ 1}    On January 31, 2022, the relators, Cleveland Association of Rescue Employees and its president, Paul Melhuish (hereinafter collectively the "Union"), commenced this public records mandamus action against the city of Cleveland and Kim Roberson, as its public records administrator. The Union sought to compel the release of emails of certain city of Cleveland employees. Through negotiation, the Union is now satisfied that its request has been fulfilled. The parties have filed cross-motions for summary judgment on the issues of statutory damages, court costs, and attorney fees. For the following reasons, this court denies Cleveland's motion for summary judgment, grants the Union's motion for summary judgment, and awards attorney fees, statutory damages, and court costs.

{¶ 2}    On January 6, 2022, the Union submitted the following two email requests to Cleveland:

(1) All emails exchanged between the following email addresses for the time period between 12/9/2021 and 1/5/2022. khoward@clevelandohio.gov and carlton@clevelandohio.gov. and

(2) Please provide all emails to and from the following email address between the dates of 12/9/2021 and 1/5/2022: Dtownsend@clevelandohio.gov.

{¶ 3}    On January 11, 2022, Cleveland responded that these requests were overly broad and that the requester had the responsibility to identify with reasonable clarity the records being sought. Cleveland later maintained that the two requests would have resulted in thousands of records being produced and that the need to examine them and make necessary redactions would have been too burdensome.

Thus, Cleveland invited the Union to revise its request identifying the names of the messages' sender and recipient(s), or domain email address, and search terms. When the Union did not respond, Cleveland communicated that because there was no requested clarification, it was closing the request as of January 21, 2022.

{¶ 4} On January 31, 2022, the Union commenced this public records mandamus action. Although the city of Cleveland is the named respondent, it was sent in care of Director of Law Barbara Langhenry and Kim Roberson as the public records administrator. Cleveland refused certified mail service because Langhenry was no longer the law director and Kim Roberson was no longer the public records administrator. This court ordered mediation but cancelled it when it was discovered that service had not been effected.

{¶ 5} In response, the Union requested ordinary mail service on February 22, 2022. In its motion for summary judgment, the Union claims that service by mail was perfected on February 28, 2022.

{¶ 6} On March 10, 2022, this court issued an alternative writ commanding Cleveland to release the records or show cause at a hearing to be held on March 22, 2022, why the records should not be released. Additionally, Cleveland needed to show cause why certified mail was refused.

{¶ 7} In a March 17, 2022 brief, Cleveland admitted that it had accepted service. It further stated that it was willing to provide the records "immediately upon learning what topics or search terms are of interest to Relators."

{¶ 8} At the hearing, Cleveland reiterated its request for search terms to narrow the request to what the Union really wanted and proffered the excuse that the certified complaint named the wrong people for why certified mail was refused. The Union admitted that it wanted records relating to payroll and time-keeping problems following a data breach. On the same day, this court continued its alternative writ, specifying that the records be released by April 1, 2022.

{¶ 9} On March 28, 2022, Cleveland filed its certification that on March 28, 2022, it had released over 300 pages of records to the Union pursuant to the two requests. As required by court order, on April 15, 2022, the Union certified that its requests had been fulfilled. In its motion for summary judgment, the Union maintains that the final record was produced on April 5, 2022. The parties were not able to reach a settlement on statutory damages and attorney fees. Thus, on April 15, 2022, the Union moved for summary judgment on the issues of attorney fees, statutory damages, and costs. The parties have extensively briefed those issues.

{¶ 10} The Union is asking for full statutory damages, $1,000, and $4,672.50 in attorney fees for 27.25 hours of work. The senior partner billed at $200 an hour, the associate at $160 an hour, and the law clerk, apparently, at $95 an hour.

{¶ 11} R.C. 149.43(C) provides in pertinent part as follows:

(3)(b) If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section or if the court determines any of the following, the court may award reasonable attorney's fees to the relator, subject to division (C)(4) of this section:

(i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section.

(ii) The public office or the person responsible for the public records promised to permit the relator to inspect or receive copies of the public records requested within a specified period of time but failed to fulfill that promise within that specified period of time.

(iii) The public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order concluding whether or not the public office or person was required to comply with division (B) of this section. No discovery may be conducted on the issue of the alleged bad faith of the public office or person responsible for the public records. This division shall not be construed as creating a presumption that the public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order described in this division.

(c) The court shall not award attorney's fees to the relator if the court determines both of the following:

(i) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;

(ii) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies

the authority that is asserted as permitting that conduct or threatened conduct.

(4) All of the following apply to any award of reasonable attorney's fees awarded under division (C)(3)(b) of this section:

(a) The fees shall be construed as remedial and not punitive.

(b) The fees awarded shall not exceed the total of the reasonable attorney's fees incurred before the public record was made available to the relator and the fees described in division (C)(4)(c) of this section.

(c) Reasonable attorney's fees shall include reasonable fees incurred to produce proof of the reasonableness and amount of the fees and to otherwise litigate entitlement to the fees.

{¶ 12} In Ohio, public records are the people's records. To that end, the public records act is to be construed liberally in favor of broad access and disclosure. The courts are to resolve any doubt in favor of disclosure. *State ex rel. Plain Dealer Publishing Co. v. Cleveland,* 106 Ohio St.3d 70, 2005-Ohio-3807, 831 N.E.2d 987, ¶ 20. Exemptions to disclosure under the public records act must be strictly construed against the public records custodian, and the government bears the burden of establishing the applicability of an exception. *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 47.

{¶ 13} Applying these principles, the court finds that the initial request was reasonable. It stated with clarity what records were requested, and the scope was limited to three specific Cleveland employees for a period of less than a month. A records requester is not necessarily required to limit its request by adding search terms. The failure to honor reasonable requests and the rapid closing of requests undermine the purpose of the public records act.

{¶ 14} Moreover, the refusal to accept certified mail from the court and one of Cleveland's own unions shows bad faith, even if the addressees no longer held the relevant positions. The source of the letter demanded that it be accepted. Accordingly, this court finds sufficient bad faith to award the full amount of requested attorney fees, $4,672.50. The per-hour rates are reasonable and consistent with what this court has awarded in the past, and the amount of time expended was also reasonable. *See generally State ex rel. Braxton v. Nichols,* 8th Dist. Cuyahoga Nos. 93653, 93654, and 93655, 2010-Ohio-3193; *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland,* 8th Dist. Cuyahoga No. 94226, 2010-Ohio-2108; and *State ex rel. Quolke v. Strongsville City School Dist. Bd. of Edn.,* 8th Dist. Cuyahoga No. 99733, 2013-Ohio-4481.

{¶ 15} R.C. 149.43(C)(2) provides that a requester shall be entitled to statutory damages if a court determines that the public office or the person responsible for public records failed to comply with an obligation under division (B) of the statute. The amount of statutory damages shall be $100 for each business day during which the government failed to comply with an obligation, such as releasing the records, beginning with the day on which the requester filed a mandamus action to recover statutory damages, up to a maximum of $1,000.

{¶ 16} In the present case, the Union commenced the mandamus action no later than February 28, 2022, the day service was perfected. The representations made at the show cause hearing on March 22, 2022, indicated that Cleveland had not released any records by that date, more than ten business days after the

perfection of service.  Accordingly, the court awards the full amount of $1,000 in statutory damages to the Union.

{¶ 17} The court awards court costs to the Union pursuant to R.C. 149.43(C)(3)(a)(ii).

{¶ 18} Accordingly, this court grants the writ of mandamus in part and denies the writ of mandamus in part pursuant to R.C. 149.43.  This court dismisses Kim Roberson because she is no longer the public records administrator.  This court grants the relators' motion for summary judgment by awarding attorney fees in the amount of $4,672.50, and statutory damages in the amount of $1,000.  It denies the public records mandamus action in part as moot because the respondents fulfilled the records request in full after the commencement of the mandamus action.  Respondent city of Cleveland to pay court costs.  This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 19} Writ granted in part and denied in part.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR

O