[Cite as *Rose v. Ohio Dept. of Commerce*, 2023-Ohio-1488.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOSEPH ROY ROSE | Case No. 2022-00711PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OHIO DEPARTMENT OF COMMERCE | |
| Respondent | |

{¶1} This matter is before the Court for a R.C. 2743.75(F)(1) report and recommendation. The special master recommends that:

- Respondent's motion to dismiss be denied.

- Respondent be ordered to produce all records generated in connection with Requester's December, 2021 complaint that have not already been produced.

- Requester recovers his filing fees and his costs in this action.

## I. Background.

{¶2} This case arises from the Department of Commerce's (the "Department") response to Requester Joseph Rose's complaint about an illegal mobile home park. Mr. Rose filed that complaint in December of 2021. The complaint was sent to Bryant Hillman, a Department official. Mr. Rose heard nothing from the Department for more than five months and then provided additional information to Mr. Hillman, including the name of the park's owner, the Society of Sportsmen, Inc. Mr. Hillman replied with a non-substantive response. *Respondent's Evidence*, filed March 1, 2023, pp. 4-7.[1]

{¶3} After two more months passed without any contact, Mr. Rose made his first public records request, apparently to find out what action the Department had taken on his complaint. On July 22, 2022, he emailed Mr. Hillman (the official he filed the complaint

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's docket, as opposed to any internal pagination of those filings.

with), noting that it had "been a while since we talked about the Society of Sportsmen inc. Club," the organization he earlier identified to Mr. Hillman. He continued, noting that "[i]t's now been about 7 Months since I first made my complaint with your agency," and then made a "Records Request for all of the records generated so far with your agency please[.]" (sic) The Department, through counsel, sent what appears to be a boilerplate response denying the request as ambiguous and overly broad. *Id*. at pp. 9, 11.

{¶4} Mr. Rose replied that evening, clarifying that he was seeking records "generate[d] in 7 months since I put the complaint in" and again referenced Mr. Hillman, the official he dealt with in connection with the complaint. Mr. Rose also asked to come to the Department to review "these records." The Department's response indicated that it understood the type of information Mr. Rose sought, and identified several records containing some of that information, but curiously did not make records available until months after this case was filed. *Id*. at pp. 13-14.

{¶5} That pattern continued through August and September of 2022. Mr. Rose sent several more emails to the Department seeking records. All of them referred to his complaint and all mentioned Mr. Hillman, the official the complaint was originally directed to. Almost all those communications also referenced the relevant time frame, the time that had elapsed since he filed the complaint. *Id*. at pp. 15, 17, 20, 23. Although, as discussed below, the Department understood what information Mr. Rose sought, it repeatedly denied his requests, claiming they were ambiguous and overbroad, apparently because Mr. Rose used the words "any" and "all" in his requests. *Id*. at pp. 14-25.

{¶6} Mr. Rose had had enough by October and filed this case. *Id*. at 27, 29; *Complaint*, p. 1. Mediation was unsuccessful and the Court set a schedule for filing evidence and memoranda. *Order*, entered February 17, 2023.

{¶7} The Department has filed what appears to be a complete copy of the correspondence between it and Mr. Rose. *Respondent's Evidence*. Its briefing seeks dismissal pursuant to Civ. R. 12(B)(6), on mootness grounds, and on the merits. *Respondent, Ohio Department of Commerce's Motion to Dismiss and Response to Complaint*, filed March 15, 2023.

## II. Analysis.

### A. The Department's Civ.R. 12(B)(6) motion should be denied.

{¶8} The special master recommends that the Department's Civ.R. 12(B)(6) motion be denied, for two reasons.

{¶9} First, Mr. Rose alleged sufficient facts to state a claim. A party invoking R.C. 2743.75 must "plead * * * facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office * * * did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33. Mr. Rose pled that he made multiple public records requests. Those requests reasonably identified the records he wanted, as discussed below. Mr. Rose also pled that his requests were denied. *Complaint*, pp. 1-2, 5, 7, 9-10, 12. That stated a claim.

{¶10} Second, the Department's argument that dismissal is appropriate because Mr. Rose did not file evidence in response to the February 17, 2022, order goes beyond the scope of the rule the Department invokes. Civ.R. 12(B)(6) goes to the sufficiency of the complaint, not to evidence that is or is not submitted later in the case.

## B. The Department has not proven mootness.

{¶11} The special master recommends that the Department's mootness argument be rejected for want of proof.

{¶12} As a general rule, the party asserting mootness has the burden of proving facts establishing that defense. *Heartland of Portsmouth, OH, LLC v. McHugh Fuller Law Group, PLLC*, 2017-Ohio-666, 85 N.E.3d 191, ¶ 17 (4th Dist.). That burden applies in the specific context of public records cases; a respondent asserting mootness must provide evidence that it produced the records at issue. *State ex rel. Strothers v. Keenon*, 2016-Ohio-405, 59 N.E.3d 556, ¶ 40 (8th Dist.); *State ex rel. Conley v. Park*, 5th Dist. Stark No. 2014CA00169, 2016-Ohio-5199, ¶ 17. A party asserting that a claim for production of records was mooted must prove that *all* responsive records were produced. Compare *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth*., 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶¶ 14, 15 (claim mooted by proof that all responsive documents were produced) with *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 157 Ohio St.3d 483, 2019-Ohio-4201, 137 N.E.3d 1171, ¶ 7 (claim not mooted absent evidence that all responsive records were produced).

{¶13} The Department contends that this case is moot because it provided Mr. Rose with some records during mediation. That is insufficient in two respects.

{¶14} First, the Department's evidence does not show that it satisfied Mr. Rose's requests. Instead, all it shows is that the Department produced documents it deemed responsive to a request that *its counsel* framed. *Respondent's Evidence*, p. 32. It produced no evidence that Mr. Rose agreed that her reframed request superseded or satisfied his own requests. Finding mootness on that evidence would be akin to finding that a claim for damages was satisfied based on a defendant's unilateral assertion that it paid all that it thought it owed the plaintiff.

{¶15} Second, The Department has produced no evidence that the records it produced constituted the entire universe of records responsive to Mr. Rose's requests. The record here establishes that his basic request, restated in various forms, is all inclusive; he wants *every* record generated in connection with his complaint. He initially sought "*all* of the records" showing what action was taken on his complaint. *Id.* p. 9 (emphasis added). His later communications were equally comprehensive, referencing "materials records * * * generate[d] in the 7 months since I put my complaint in" and "files * * * generated since I first made my records request," with no limitation as to the types of records sought. *Id.* at pp. 13, 23. The Department recognized that scope, balking because he sought "all of the records" and "any" and "all" records tied to his complaint. *Id.* at pp. 11, 18, 22, 26. The Department, however, only produced several discrete types of records provided in response to a narrower request and has provided no evidence that those discrete records are *all* the records responsive to Mr. Rose's comprehensively scoped requests.

{¶16} The Department has failed to meet its burden of proving mootness. Mr. Rose's claim therefore remains alive as to any responsive records that have not been produced.

### C. Mr. Rose's requests reasonably identified the records he sought, and the Department violated R.C. 149.43(B)(1) by refusing his requests.

{¶17} R.C. 149.43(B)(1) mandates that "[u]pon request * * * all public records responsive to the request shall be promptly * * * made available[.]" There is no dispute

that what Mr. Rose requested were public records; the Department has not claimed that he seeks anything excepted from the category of public records. Instead, the Department justifies rebuffing his requests by claiming that they were ambiguous or overbroad, apparently because they used the words "any" and "all."

{¶18} That justification is not persuasive. The substance of those requests, considered in light of the context known to the Department, was not ambiguous because they reasonably identified the records he asked for. That substance and context also avoided overbreadth by providing discernable bounds to the universe of responsive records.

{¶19} R.C.149.43 "does not require perfection in public-records requests." *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 37. Instead, the standard is reasonableness. An office is obligated to produce records identified with "reasonable clarity," *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 22, and an office may request clarification if the request does not "reasonably identify" the records sought. R.C. 159.43(B)(2).

{¶20} The evaluation of whether a request reasonably identifies the records sought should not made in a vacuum. The responding official should consider "the totality of facts and circumstances," "the context," and the "circumstances surrounding" the request. *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 26; *Morgan*, 112 Ohio St.3d 33, ¶ 33. A request is likely to reasonably identify the records sought if it refers the public office to a specific subject matter, it is sent to or identifies an official with knowledge of that subject matter, and it references a relevant time period. *Id*. at ¶¶ 33, 35, 37; *Kesterson*, 156 Ohio St.3d 22, ¶¶ 25, 26; *State ex rel. Bott Law Group, LLC v. Ohio Dept. of Natural Resources*, 10th Dist. Franklin No. 12AP-448, 2013-Ohio-5219, ¶ 40; *Sinclair Media III, Inc. v. City of Cincinnati*, Ct. of Cl. No. 2018-01357PQ, 2019-Ohio-2623, ¶ 8 (McGrath, J.). Multiple descriptors help the office understand what the requester is seeking.

{¶21} Mr. Rose's requests were reasonable when measured against those standards.

{¶22} The background of Mr. Rose's requests, the "the context" and "circumstances surrounding" them, was his complaint about a mobile home park operated by the Society of Sportsmen, Inc. That complaint was made in December of 2021 to Bryant Hillman, a specific Department official. *Respondent's Evidence*, pp. 4-6. The Department understood that context. *Id*. at p. 14 ("I see you filed a complaint with our Division that alleged the existence of an unlicensed manufactured home park"); 16 (referencing the "complaint you submitted" and "the property at issue in your complaint"); 22 ("I see that your complaint was filed December 3, 2021").

{¶23} Mr. Rose's requests were directly tied to that background; they each made it clear that he wanted records related to that complaint. They did so by referencing that subject matter, an official with knowledge of that subject matter, and the relevant time frame:

- The initial request, made July 20, 2022, referenced the complaint, it was sent to the very official who had prior knowledge of that matter (Mr. Hillman) and identified the relevant time frame (the seven months since the complaint was filed). *Id.* at p. 9.

- Mr. Rose's July 27, 2022, response to the Department's initial rejection again tied the request to his complaint, again identified the official with knowledge of that matter, and again set out the relevant time period. *Id.* at p. 13.

- Mr. Rose reiterated most of those identifiers in his August 4, 2022, email to the Department. It too linked his request to his complaint and identified the official familiar with the complaint. *Id.* at p. 17.

- All three of those links were reiterated in Mr. Rose's August 29, 2022, email; it communicated that he was seeking records about his complaint, identified the official with knowledge of the complaint, and laid out the relevant time. *Id.* at p. 17.

- Mr. Rose restated those connectors to a different Department official on September 20, 2022, again directing the Department to his complaint, the official who knew about the complaint, and the time frame as identifiers for his request. *Id.* at p. 23.

The requests' syntax may have been less than perfect, but it bears repeating that the law "does not require perfection in public-records requests." *Morgan*, 112 Ohio St.3d 33, ¶ 37. The requests' content, together with the Department's understanding of their context, reasonably identified the records the Department should have gathered for Mr. Rose. It violated R.C. 149.43(B)(1) by failing to do so.

{¶24} That is not changed by the fact that Mr. Rose used the terms "any" and "all." Those words did not add any ambiguity to the requests. To the contrary, they clarified the requests' comprehensive scope.

{¶25} Those words did not make the requests overbroad. Although "any" and "all" can signal overbreadth in some cases, they are not automatically fatal. There is ample precedent enforcing requests phrased that way when, as here, the requester sets discernable bounds by identifying the subject matter, officials with knowledge of the subject matter, and a relevant time frame. *Morgan*, 112 Ohio St.3d 33, ¶¶ 8, 10, 12, 31-37; *Kesterson*, 156 Ohio St.3d 22, ¶¶ 2, 25-26; *State ex rel. Cleveland Assn. of Rescue Employees v. City of Cleveland*, 8th Dist. Cuyahoga No. 111230, 2022-Ohio-3043, ¶¶ 2, 13.

{¶26} Nor is the outcome changed by the fact that the Department would have preferred that Mr. Rose reframed his request to ask for specific records the Department suggested. A requester is not obligated to accept an office's reformulation of his request or conform to the office's preferred terminology if the request is independently sufficient to identify the records *he* seeks. *Cleveland Assn. of Rescue Employees*, 2022-Ohio-3043, ¶¶ 2, 13; *Sutelan v. Ohio State Univ.*, Ct. of Cl. No. 2019-00250PQ, 2019-Ohio-3675, ¶ 15 rejected in other respects, 2019-Ohio-4026.

### D. Costs.

{¶27} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover * * * the amount of the filing * * * and any other costs associated with the action[.]" Mr. Rose was aggrieved for the reasons discussed above. He is therefore entitled to recover his filing fee and statutory costs incurred in this case.

### III.    Conclusion.

{¶28} In light of the foregoing the special master recommends that:

A.  The Department's motion to dismiss be denied

B.  The Department be ordered to produce all records generated in connection with Mr. Rose's December, 2021, complaint that have not already been produced.

C.  Mr. Rose recover his filing fee and costs incurred in connection with this case.

{¶29} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD R. MARTI
Special Master

Filed April 7, 2023
Sent to S.C. Reporter 5/4/23