[Cite as *Law Office of Josh Brown, L.L.C. v. Ohio Secy. of State*, 2023-Ohio-4438.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| THE LAW OFFICE OF<br>JOSH BROWN LLC<br><br>Requester<br><br>v.<br><br>OHIO SECRETARY OF STATE<br><br>Respondent | Case No. 2023-00510PQ<br><br>Special Master Todd Marti<br><br>REPORT AND RECOMMENDATION |

{¶1} This matter is before the special master for an R.C. 2743.75(F)(1) report and recommendation. He recommends that (1) Respondent be ordered to produce all emails responsive to Requester's first public records request, (2) that Requester recover his filing fee and other costs, (3) that Respondent bear the balance of the costs in this case, and (4) that all other relief be denied.

## I.    Background.

{¶2} The Law Office of Josh Brown, LLC ("Brown") submitted two public records requests to the Ohio Secretary of State's office ("the Secretary"), the respondent here. The Secretary denied those requests and this case followed. Mediation did not resolve the parties' dispute, so a schedule was set for filing evidence and memoranda pursuant to R.C. 2743.75(E)(3)(c). That schedule has run its course, and the case is ripe for decision. *Complaint*, filed August 1, 2023, pp. 3, 5, 6; *Order Terminating Mediation*, entered October 11, 2023; *Response Brief of Respondent Office of Ohio Secretary of State Frank LaRose*, filed November 6, 2023, ("*Response*"), pp. 11-12, ¶¶ 4-11, pp. 14-16, 21-22. [1]

---

[1]    All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's on-line docket.

## II.    Analysis.

{¶3} R.C. 149.43(B)(1) obligates a public office to make properly requested records available unless the office shows that the records are exempt from the class of public records.  The Secretary is a public office.  The Secretary has not argued that any of the records Brown seeks are exempt from public record status or filed any records for in camera review on that basis. See *Order Terminating Mediation,* ¶ (B)(1). This case therefore turns solely on the sufficiency of Brown's requests.

### A.  Requester's first request was not overbroad.

Brown's first request sought "copies of any email that meets the following criteria:

1. Includes the word 'Blystone'; and

2. Sent or received between May 1, 2022 to December 31, 2022 by Secretary Frank LaRose;

3. Sent or received May 1, 2022 to December 31, 2022 by Secretary of State employee Brian Katz;

4. Sent or received May 1, 2022 to December 31, 2022 by Secretary of State employee Jason Long;

5. Sent or received May 1, 2022 to December 31, 2022 by any other Secretary of State employee email."

The Secretary denied that request, asserting that it was overly broad because its computer system has difficulty retrieving emails without identifying both senders and recipients. It also asserted that the prong of this request seeking emails sent or received by unspecified Secretary of State employees is inherently overbroad. *Complaint*, pp. 2-4; *Response*, pp. 21-22.

{¶4} A request is overbroad if it seeks complete duplication of a whole category of records. *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21; *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 17; *State ex rel. Dehler v. Spatny*, 127 Ohio St.3d 312, 2010-Ohio-5711, 939 N.E.2d 831, ¶ 3; *State ex rel. Warren Newspapers v. Hutson*, 70 Ohio St.3d 619, 624, 640 N.E.2d 174 (1994). In contrast, a request is not overbroad if it is bounded by reasonable temporal limitations, identifies a subject matter,

and identifies or is directed towards specific officials. *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶¶ 25, 26; *Rose v. Ohio DOC*, Ct. of Cl. No. 2022-00711PQ, 2023-Ohio-1488, ¶ 25, adopted 2023-Ohio-1856.

{¶5} Rose's requests for emails to and from Secretary LaRose, Messrs. Katz, and Long are valid under those standards. They do not seek whole categories of files, but instead seek specific records: emails sent/received during a particular date range, that addressed a particular topic, and that were sent or received by particular officials. Indeed, the Secretary does not challenge the inherent sufficiency of any of those qualifiers.

{¶6} The request for similar emails to or from "any other Secretary of State employee" is not as precise, but sets sufficient bounds. It is time and topically limited. Although it identifies more officials and does so more generally than the requests just discussed, the identifying characteristic of those officials is readily discernable: those employed by the Secretary. That distinguishes this case from *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, rev'd on other gr'nds, 110 Ohio St.3d 456, 2006-Ohio-4854, 854 N.E.2d 193 and *Kanter v. City of Cleveland Hts.*, Ct. of Cl. No. 2018-01092PQ, 2018-Ohio-4592, the authorities the Secretary relied upon in rejecting this prong of Rose's request. Those cases found requests invalid because they required the responding offices to determine which otherwise unidentified correspondents were affiliated with *outside* entities. *Oriana*, *supra*, at ¶ 9; *Kantner, supra*, at ¶ 8.  No such guesswork is required here, the Secretary need only look at the email files of *its own* employees.

{¶7} *The sufficiency of these requests is not changed by the Secretary's assertion that its computer systems have difficulty retrieving emails without the names of both the senders and recipients.* That is true on several levels.

{¶8} Logically, that does not go to the breadth of this request. The limitations of the Secretary's systems do not change the fact that this request provides sufficient boundaries to readily identify the limited set of records sought. That triggered the Secretary's duties under R.C. 149.43(B)(1), regardless of the Secretary's asserted difficulties fulfilling those duties.

{¶9} Statutorily, the Secretary's analysis is at odds with the plain language of R.C. 149.43(B)(2). Although that statute authorizes offices to deny unclear requests (those that are "ambiguous," "overly broad," or otherwise fail to "reasonably identify what public records are being requested"), it nowhere authorizes an office to reject an otherwise clear request because of the limitations of the office's records management systems. The legislature could have added language making that a basis to deny an otherwise sufficient request, but it did not. To the contrary, R.C. 149.43(B)(2) mandates that offices "shall organize and maintain public records in a manner that they can be made available for inspection or copying[.]"

{¶10} Precedentially, *State ex rel. Beacon Journal Pub. Co. v. Andrews*, 48 Ohio St.2d 283, 358 N.E.2d 565 (1976), precludes the Secretary's argument. There, as here, a requester sought readily identifiable public records. There as here, the public office balked because of the difficulty of retrieving and producing the records, arguing that:

> "the costs and time for setting up a computer run and analyzing the results for accuracy is prohibitive * * * that the production of all records maintained by respondent is prohibitive in volume and expense * * * that the performance of relator's demands by respondent would prevent respondent and his employees from performing their normal duties for an extended period of time [.]" *Id.* at 284.

The Court emphatically rejected that argument, holding that such difficulties do not relieve an office of its duty to produce the records:

> The relator seeks records which the General Assembly has declared to be public records. The statute makes them available to any member of the public, including the relator, at any reasonable time. *No pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time.* The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make these records available for inspection and to provide copies when requested within a reasonable time. *Id.* at 289. (Emphasis added).

The courts have consistently applied those principles. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 36; *State ex rel. Wadd v. City of Cleveland*, 81 Ohio St.3d 50, 53, 689 N.E.2d 25 (1998); *State ex rel. Hartkemeyer v. Fairfield Twp.*, 12th Dist. Butler No. CA2012-04-080, 2012-

Ohio-5842, ¶ 24; *Diebert v. Lafferty*, Ct. of Cl. No. 2021-00699PQ, 2022-Ohio-2919, ¶¶ 29, 30, adopted 2022-Ohio-3052. That precedent fatally undermines the secretary's position.

**{¶11}** *Nor is the result changed by the Secretary's argument that Rose improperly refused its suggestion to revise the original request.* While the Public Records Act does indeed encourage cooperation between requesters and offices, a "requester is not obligated to accept an office's reformulation of his request * * * if the request is independently sufficient to identify the records he seeks." *Rose v. Ohio DOC*, Ct. of Cl. No. 2022-00711PQ, 2023-Ohio-1488, ¶ 26, adopted 2023-Ohio-1856. For example, in *State ex rel. Cleveland Assn. of Rescue Employees.* v. City of Cleveland, 8th Dist. Cuyahoga No. 111230, 2022-Ohio-3043, *aff'd in relevant respects*, ___ Ohio St.3d. ___, 2023-Ohio-3112, __ N.E.3d. ___, a requester sought sufficiently identified emails, but the office rejected the request because of the burden of retrieving them and suggested additional search terms. The requester stood by its original request. 2022-Ohio-3043, ¶¶ 2,3. The Court of Appeals nonetheless enforced the original request, stating that a "records requester is not necessarily required to limit its request by adding search terms." *Id.* at ¶ 13.

**{¶12}** The same pattern is present here. The original request sufficiently identified the records sought, the office suggested additional search terms to alleviate an asserted burden in producing the records, but the Requester stood by the original, legally sufficient, request. There is no readily apparent reason why a different result should occur here.

**B. Requester's second request sought information rather than records.**

**{¶13}** Rose's second request was that the Secretary "confirm whether any of the following individuals have text message communications, on personal or office phones, including the word 'Blystone' from May 1, 2022 to December 31, 2022: Secretary Frank LaRose, Secretary of State employee Brian Katz, and Secretary of State employee Jason Long." *Complaint*, p. 7. That request is not enforceable because it sought information, not records.

**{¶14}** R.C. 149.43(B)(1) codifies a right to records that capture information, but not to information apart from records. It nowhere mentions information in the abstract. It

instead provides that upon "request * * * *public records* responsive to the request shall be * * * made available[.]" (Emphasis added). A "public record" consists of a "record," and a "record" is something that contains information, but is different than the information itself. It is a "document, device, or item" recording information. R.C. 149.011(G). R.C. 149.43(B)(1) therefore does not direct offices to provide free floating information, but only documents, devices, or items containing information. The cases reflect the distinction. Relief is denied when the claimant "request[s] information rather than records" *State ex rel. Griffin v. Sehlmeyer*, 167 Ohio St.3d 566, 2022-Ohio-2189, 195 N.E.3d 130, ¶ 1 because requests "for information * * * are improper requests under R.C. 149.43*." State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30. See also *Griffin*, 167 Ohio St.3d 566 at ¶¶ 10-13; *State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶¶ 11-12; State ex rel. *Griffin v. Sehlmeyer*, 166 Ohio St.3d 258, 2021-Ohio-3624, 185 N.E.3d 58, ¶¶ 5-6; *State ex rel. Rittner v. Dir., Fulton Cty. Emergency Med. Servs.*, 6th Dist. Fulton No. F-10-020, 2010-Ohio-4055, ¶ 2; *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, at **2-4 (Apr. 28, 1993), aff'd, 68 Ohio St.3d 117, 623 N.E.2d 1201 (1993) (denying relief because claimant's request did "not indicate what records [he] would like to examine as much as what information he would like to receive").

{¶15} Rose's second request did not seek copies of the text messages he inquired of—which would arguably be records—but sought only confirmation that the messages exist—information. That distinction is underscored by comparing this request to his first request where he sought copies of the records described. *Complaint*, pp. 4,5. The second request therefore sought information rather than records and hence is unenforceable here.

{¶16} This defect is not obviated by Brown's proposal that he inspect the responsive records in lieu of obtaining copies. Although R.C.149.43(B)(1) does indeed provide the alternative of inspecting records, it only affords that option regarding "public records." As just discussed, "public records" are distinct from free floating information, what Rose sought here.

### C. Requester is entitled to recover his filing fee and costs.

{¶17} Rose is entitled to recover his filing fee and other costs in this case. R.C 2743.75(F)(3) entitles a requester aggrieved by a violation of R.C. 149.43(B) to recover his filing fee and costs. The Secretary's rejection of Mr. Rose's first request violated R.C. 149.43(B), and Mr. Rose was aggrieved by that violation.

## II.    Conclusion.

In light of the foregoing the special master recommends that:

A. Respondent be ordered to produce all emails responsive to Requester's first public records request;

B. Requester recover his filing fee and other costs;

C. Respondent bear the balance of the costs in this case;

D.  All other relief be denied.

{¶18} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed November 29, 2023**
**Sent to S.C. Reporter 12/7/23**