[Cite as *Ackley v. Washington Court House Police Dept.*, 2025-Ohio-2882.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ADAM CAIN ACKLEY | Case No. 2025-00351PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| WASHINGTON COURT HOUSE POLICE DEPARTMENT | |
| Respondent | |

{¶1} This case is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court (1) order respondent to take the actions set out in the appendix to this report and recommendation within 30 days of the entry of a judgment adopting this report and recommendation, (2) order respondent to file and serve an affirmation that it took those actions within 40 days from the entry of a judgment adopting this report and recommendation, (3) order respondent to pay requester his filing fee and costs, and the court the balance of the costs of this case, and (4) deny all other relief.

## I. Background.

{¶2} Requester Adam Ackley made several public records requests to the respondent Washington Court House Police Department (the "Department") during the spring of 2025. The Department produced records in response to some of those requests, asserted that some of the requested records were not public records, and denied the existence of records responsive to other of the requests.

{¶3} Mr. Ackley was not satisfied with those responses, and filed this case to contest them. Mediation did not resolve the case, and a schedule was set for the parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation*, entered June 9, 2025; *Order*, entered June 26, 2025.

## II. Analysis.

**A. The Court should only address claims arising from alleged violations of R.C. 149.43(B) that were raised in the body of requester's complaint and the attached Departmental Complaint.**

{¶4} Requester's 92-page complaint has several components. It provides a narrative statement about a March 31, 2025, telephone conversation between Mr. Ackley and the Department that begins in the space provided in the court's complaint form and continues through a copy of an April 6, 2025, complaint Mr. Ackley filed with the Department (the "Departmental Complaint"). *Complaint*, pp. 1, 5-9.[1] The Departmental Complaint specifically references that telephone call and what Mr. Ackley asserted were seven outstanding records requests. The complaint also includes copies of some of those requests and related documents. Finally, it contains other materials related to what Mr. Ackley views as ways that the Department has violated its own procedures and his rights. Some of those alleged violations involve public records requests other than the seven identified in the Departmental Complaint. *Id*. at pp. 15, 26, 74, 77, 90, 91, 92.

{¶5} That raises the question of what claims are properly before the court. I recommend that the court only address claims based on R.C. 149.43 that were named in the body of the complaint and the attached Departmental Complaint.

{¶6} *Claims not based on R.C. 149.43*. R.C. 2743.75 does not give this court jurisdiction over claims against political subdivisions based on something other than R.C. 149.43(B). *Dillingham v. Butler Cty. Prosecutor's Office*, 2018-Ohio-3654, ¶ 5, adopted 2018-Ohio-4360 (Ct. of Cl.). This case is brought under R.C. 2743.75. It is brought against a political subdivision. The attachments to Mr. Ackley's complaints assert claims of police misconduct and the breach of a prior contract between Mr. Ackley, his family members and the City of Washington Courthouse. Those claims are not based on R.C. 149.43. They are consequently beyond the jurisdiction granted by R.C. 2743.75.

{¶7} I therefore recommend that the court dismiss those claims without prejudice.

{¶8} *Claims named in the Departmental Complaint*. This court will generally only consider claims based on records requests specifically referred to in the body of the R.C. 2743.75 complaint. *Schaffer v. Ohio State Univ*. 2024-Ohio-2185, ¶¶ 58-65, adopted

---

[1] All references to specific pages of Mr. Ackey's filings are to the pages of the PDF Copies posted on the court's docket.

2024-Ohio-2185 (Ct. of Cl.). That rule is based on the instructions in the complaint form and the need to provide fair notice of what requests are at issue. *Id*. at ¶¶ 60-63.

{¶9} Mr. Ackley's use of the Departmental Complaint to identify the requests at issue is consistent with those considerations. The Departmental Complaint can be fairly considered to be "additional sheets" of the sort requested in the complaint form. The Departmental Complaint is topically related to the facts alleged in the complaint form itself because it addresses Mr. Ackley's discussions with the Department about outstanding records requests. Further, it is attached almost immediately after the complaint form. The fact that the Departmental Complaint names specific requests gave the Department fair notice of what is at issue.

{¶10} In contrast, there is no topical connection between the other requests and the narrative that began in the body of the complaint. Those unexplained requests did not give the Department fair notice that they are at issue here.

{¶11} I therefore recommend that the court only consider claims based on the requests named in the Departmental Complaint.

## B. Claims under R.C. 149.43(B) named in the Departmental Complaint.

### 1. Video from camera worn by Sargent Hott.

{¶12} Mr. Ackley requested footage from the body camera worn by Sargent Hott during a February 21, 2025 encounter with Mr. Ackley. The Department responded that it had no footage because Sargent Hott's camera was not turned on during the encounter. It has supported that assertion with affidavit testimony. *Complaint*, p. 8; *Respondent's Evidentiary Submission*, filed June 27, 2025 ("*Respondent's Evidence*"), pp. 256, ¶¶ 11, 12; 308, 311.[2]

{¶13} "When a public office attests that it does not have responsive records, the relator in a public-records . . . case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13.

---

[2] *Respondent's Evidence* was filed as three separate PDF files that were consecutively Bates stamped across those filings. All references to specific pages of *Respondent's Evidence* are to the Bates numbers on the pages referenced.

{¶14} Mr. Ackley has produced no evidence that this video actually exists, but instead argues that the absence of the video evidences the Department's failure to adhere to its regulations. *Requester's Response to Respondent's Submitted Evidence pursuant to R.C. 2743.75(E)(3)(c)*, filed July 15, 2025 ("*Reply*"), pp. 2-3. That may or may not be true, but it does not prove that the video exists. See *Lerussi v. Calcutta Volunteer Fire Dept.*, 2023-Ohio-626, ¶ 5, adopted 2023-Ohio-1171 (Ct. of Cl.) ("even if the Department's failure to create or maintain those records did violate those obligations, that does not change the fact that the records do not exist").

{¶15} I therefore recommend that the court deny relief based on this request.

**2. Lobby video and audio**.

{¶16} A person seeking to compel production of public records through R.C. 2743.75 must "plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office,* 2020-Ohio-5371, ¶ 33. Those facts must be proven by clear and convincing evidence. *Id.*, ¶¶ 26, 34.

{¶17} Mr. Ackley asserts a claim for production of "Lobby Video and Audio Footage During 3/18/25—call for service." *Complaint*, p. 8. His request for that record is established by the record of this case. *Id*. at pp. 22-23, 36; 73, 76; *Respondent's Evidence*, pp. 26-27, 80. This element of his claim has been proven.

{¶18} That is not true of the second element, that the public office did not make the record available. As just mentioned, Mr. Ackley must prove the elements of his claim with clear and convincing evidence. A party does not satisfy that burden if there is equally weighted evidence on a point. *State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 32; S*tate ex rel. Griffin v. Doe*, 2021-Ohio-3626, ¶ 8; *State ex rel. Mobley v. City of Toledo*, 2022-Ohio-3889, ¶ 12. There is conflicting evidence on whether the Department provided the lobby footage. The Department provided an email asserting that it produced footage, *Respondent's Evidence,* pp. 289, 318, while another email indicates that Mr. Ackley disputes that. *Id*. at 218. Those emails are the only evidence on this point, and they are equally weighted. That precludes a finding that Mr. Ackley met his burden of proof on this element.

{¶19} I therefore recommend that the court deny relief based on this request.

### 3. Information about city letterhead.

{¶20} Mr. Ackley requested "all information regarding the implementation of the current letterhead utilized by the City." The City responded that it has no responsive records. *Complaint*, p. 8; *Respondent's Evidence*, pp. 75, 79, 123, 258. There are two reasons why I recommend that the court deny relief on this request.

{¶21} First, it requests information rather than records. "R.C. 149.43(B)(1) codifies a right to records that capture information, but not to information apart from records." *Law Office of Josh Brown, LLC v. Ohio Secy. of State*, 2023-Ohio-4438, ¶ 14, adopted 2024-Ohio-819 (Ct. of Cl.). This request is not enforceable because it seeks information apart from records.

{¶22} Second, Mr. Ackley has not shown that responsive records exist. He only had to provide "some evidence" that responsive records existed because the Department only provided unsworn evidence denying that it had responsive records; its affidavit did not address this request. *Sell v. Trumbull Cty. Juv. Div.*, 2024-Ohio-6139, ¶ 6 (Ct. of Cl.); *Respondent's Evidence*, pp.123, 258. Mr. Ackley provided no evidence on this point. He has failed to meet this minimal burden of proof.

{¶23} I therefore recommend that the court deny relief based on this request.

### 4. Records about a .22 caliber pistol.

{¶24} Mr. Ackley seeks enforcement of his request for the "Leads report filed in 2022 and 2024 concerning a 22 Cal. Pistol[.]" *Complaint*, p. 8 (sic). He did indeed request that report. The Department denied that request on the basis that Adm. Code 4501:2-10-03 exempts LEADS documents from the class of public records. *Complaint*, p. 86; *Respondent's Evidence*, pp. 90, 307.

{¶25} The Department is correct. Adm. Code 4501:2-10-03(C)(1) provides that "[m]essages and/or throughput of any kind accessed through LEADS shall be restricted to the use of duly authorized law enforcement and/or criminal justice agencies for the administration of criminal justice." The Attorney General has construed functionally indistinguishable language (then contained in Adm. Code 4501:2-10-06(B)) as excepting LEADS materials from the class of public records. 1994 Ohio Atty.Gen.Ops. No. 94-046, at 2-235 - 2-236. The courts have agreed. *State ex rel. Gallon & Takacs Co., L.P. v.*

*Conrad*, 123 Ohio App.3d 554, 560 (10th Dist.1997); *In re C.C.*, 2008-Ohio-6776, ¶10 (11th Dist.).

{¶26} I therefore recommend that the court deny relief based on this request.

**5.   Recordings of telephone conversations.**

{¶27} Mr. Ackley seeks to compel production of recordings of several telephone conversations he had with the Department in March of 2025. The parties agree that he requested those recordings and that the Department did not provide them. The Department provided affidavit testimony that "all incoming calls to the Police Department are recorded" and that outgoing calls are only recorded if certain steps are taken to initiate recording. Although the affidavit did not attest that all the calls in question were outgoing, it said that the Department could not find recordings of any of the calls. *Complaint*, pp. 8-9, 85, *Respondent's Evidence*, pp. 85, 89, 255-256, ¶¶ 6-10.

{¶28} As noted above, when "a public office attests that it does not have responsive records, the relator in a public-records . . . case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office." *Culgan*, 2024-Ohio-4715, ¶ 13.

{¶29} Mr. Ackley does not dispute the Department's testimony that outgoing calls are not recorded, but asserts that two of the calls were incoming: one made at 12:11 p.m. on March 10, 2025, and the other around 12:30 p.m. on March 18, 2025. The record substantiates his assertion. It contains a log of calls *from* Mr. Ackley's telephone showing an *outgoing* call at 12:11 p.m. on March 10 (which would have been incoming from the Department's perspective). It also contains two departmental complaint forms, submitted before this case was filed, saying that Mr. Ackley initiated the March 18 call. That is the only evidence before the court on whether those were incoming or outgoing calls.

{¶30} Mr. Ackley met his burden on the March 10 and 18 calls. That finding is based on:

- The Department's own testimony that "*all* incoming calls to the Police Department are recorded." (Emphasis added).

- Requester's evidence that the March 10 and 18 calls were incoming calls.

- The fact that the Department has presented no evidence that those calls were outgoing.

{¶31} I therefore recommend that the court order the Department to produce recordings of those calls or to affirm that no such recordings exist.

### 6. Body worn camera footage from officers Marcum and Ellis.

{¶32} Mr. Ackley's complaint seeks enforcement of a request for "BWC footage for both Detectives on 4/1/25: Officer Marcum and Officer Ellis." *Complaint*, p. 9. He has not provided a copy of the request alluded to here, and there is no reference to this request in any other filing in this case.

{¶33} A R.C. 2743.75 claim is properly dismissed if the requester does not provide the documentation necessary to evaluate the claim. *Hunt Eng., LLC v. Ohio EPA*, 2022-Ohio-3141, ¶¶ 15, 16, adopted 2022-Ohio-3557 (Ct. of Cl.). Mr. Ackley has failed to provide any documentation about this request, making it impossible to evaluate his claim based on it.

{¶34} I therefore recommend that the court deny relief on this claim.

### 7. Records request policy.

{¶35} Mr. Ackley seeks enforcement of a request for the Department's policies and procedures for responding to public records requests. *Complaint*, pp. 9, 80. The Department's evidentiary submission contained that policy. *Respondent's Evidence*, pp. 300-301.

{¶36} "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis,* 2002-Ohio-7041, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶37} *Respondent's Evidence* included the record requested here. It was served on Mr. Ackley.

{¶38} I therefore recommend that the court find this claim is moot.

## III. Conclusion.

{¶39} Considering the foregoing, I recommend the court:

A. Order respondent to take the actions set out in the appendix to this report and recommendation within 30 days of the entry of a judgment adopting this report and recommendation.

B. Order respondent to file and serve an affirmation that it took those actions within 40 days from the entry of a judgment adopting this report and recommendation,

C. Order respondent to pay requester his filing fee and costs, and pay the court the balance of the costs of this case.

D. Deny all other relief.

{¶40} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Appendix**

**Actions To Be Taken By Respondent**

Produce recordings of requester's calls to the Department made at 12:11 p.m. on March 10, 2025, and at approximately 12:30 p.m. on March 18, 2025 or affirm that no such recordings exist.

**Filed July 23, 2025**
**Sent to S.C. Reporter 8/14/25**